

**U.S. Department of Justice**

*Michael K. Loucks*
*Acting United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

September 10, 2009

David A. Vicinanzo, Esq.
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110-2131

      Re:    Powers Fasteners, Inc.

Dear Mr. Vicinanzo:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Powers Fasteners, Inc. ("Defendant"), in the above-captioned case.  The Agreement is as follows:

      1.    Entry of Plea

At the earliest practicable date, Defendant shall plead guilty to an Information charging it with making a false statement in 1999 in violation of 18 U.S.C. §§1020 and 2.  Defendant expressly and unequivocally admits that it committed the crime charged in the attached Information; did so knowingly under a theory of corporate collective knowledge; and is in fact guilty of the offense charged.

      2.    Penalties

Defendant faces a fine of $500,000, or twice the gross gain derived from the offense or twice the gross loss to a person other than the defendant, whichever is greatest.  See 18 U.S.C. §§ 3571(c) and (d).

David A. Vicinanzo, Esq
September 10, 2009
Page 2

The Defendant is also subject to a maximum term of probation of five years and a special assessment of $400.

3.      Sentencing Guidelines

The United States Attorney will take the following positions at sentencing with respect to the application of the Sentencing Guidelines:

a.      The calculated offense level is 26, determined as follows:

(i)     The base offense level under the fraud guideline is six pursuant to U.S.S.G. § 2B1.1(a).

(ii)    Pursuant to U.S.S.G. § 2B1.1(b)(1)(K), an additional twenty levels are added based upon the pecuniary loss.

Defendant and its counsel reserve the right to argue that the guidelines are calculated in a manner different from the analysis set forth above.

Defendant has previously entered into a Deferred Prosecution Agreement (DPA) and a Corporate Compliance Agreement (CCA) for a period of three years with the Commonwealth of Massachusetts addressing substantially the same conduct. Additionally, the defendant has paid the sum of $16 million to the Commonwealth and the City of Boston arising from the collapse of the I-90 tunnel connector, as well as $6 million to the family of Milena Del Valle. Accordingly, there is no issue of restitution (see U.S.S.G. § 5E1.1(b)(1) and (2)) or disgorgement (see U.S.S.G. § 8C2.9 (application note 1)).

The U.S. Attorney's agreement that the disposition set forth below is appropriate in this case is based, in part, on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case.

The U.S. Attorney specifically may, at his sole option, be released from his commitments under this Agreement, including, but not limited to, his agreement that paragraph 4 constitutes the appropriate disposition of this case, if at any time between his execution of this Agreement and sentencing, Defendant:

(a)     Fails to admit a complete factual basis for the plea;

(b)     Fails to truthfully admit its conduct in the offense of conviction;

(c)     Falsely denies, or frivolously contests, relevant conduct for which Defendant

David A. Vicinanzo, Esq
September 10, 2009
Page 3

                is accountable under U.S.S.G. § 1B1.3;

(d)     Fails to provide truthful information about its financial status;

(e)     Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f)     Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g)     Intentionally fails to appear in Court or violates any condition of release;

(h)     Commits a crime; and/or

(i)     Transfers any asset protected under any provision of this Agreement.

Defendant expressly understands that it may not withdraw its plea of guilty, unless the Court rejects this Agreement under Fed. R. Crim. P. 11(c)(5).

4.     <u>Agreed Disposition</u>

Pursuant to 18 U.S.C. § 3553(a) and in light of Defendant's prior payment of monies noted above in ¶ 3, the U.S. Attorney and Defendant agree pursuant to Fed. R. Crim. P. 11(c)(1)(C) that the following is the appropriate disposition of this case:

(a)     Fine of $100,000 to be paid within one week of the date of sentencing;

(b)     12 months probation concurrent with the state Deferred Prosecution Agreement (DPA) and Corporate Compliance Agreement (CCA) which were executed on December 17, 2008;

(c)     A mandatory special assessment of $400 pursuant to 18 U.S.C. § 3013, which shall be paid to the Clerk of Court on or before the date of sentencing;

The U.S. Attorney and Defendant agree that there is no basis for a further departure, deviation, or variance from the sentencing range established by the United States Sentencing Guidelines. Accordingly, neither the U.S. Attorney nor Defendant will seek a further departure on any ground from the Sentencing Guidelines.

David A. Vicinanzo, Esq
September 10, 2009
Page 4

This Agreement resolves all matters known to the government as of the date of this Agreement with respect to the investigation of the corporate entity, PFI, and its sale of PFI's Power Fast product in connection with the Central Artery/Tunnel Project in Massachusetts.

5.      Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.      Waiver of Rights to Appeal and to Bring Collateral Challenge

Defendant is aware that it has the right to challenge its sentence and guilty plea on direct appeal. Defendant is also aware that it may, in some circumstances, be able to argue that its plea should be set aside, or its sentence set aside or reduced, in a collateral challenge such as pursuant to a motion under 28 U.S.C. § 2255.

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives its right to appeal or collaterally challenge:

> (a)     Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues; and

> (b)     The imposition by the District Court of the sentence agreed to by the parties, as set out in paragraph 4, even if the Court rejects one or more positions advocated by the parties with regard to the application of the U.S. Sentencing Guidelines.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

7.      Probation Department Not Bound By Agreement

The sentencing disposition agreed upon by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the United States Probation Office. Defendant's

David A. Vicinanzo, Esq
September 10, 2009
Page 5

plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(C). Defendant cannot withdraw its plea of guilty unless the sentencing judge rejects this Agreement. If the sentencing judge rejects this Agreement, this Agreement shall be null and void at the option of either the United States or Defendant. In this regard, Defendant hereby waives any defense to any charges which it might otherwise have under any statute of limitations or the Speedy Trial Act.

8.      Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning its assets.

9.      Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of its conduct and its plea of guilty to the charges specified in paragraph 1 of this Agreement.

10.     Rejection of Plea by Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

In the event that the Court does not accept Defendant's guilty plea, the Defendant agrees that, with respect to any action or proceeding of whatever nature the United States hereafter files against PFI, PFI will not defend against the action or proceeding in any way by computing the running of time under any applicable statute of limitations the period of time from the date of this Agreement to thirty days following the Court's rejection of the Defendant's plea.

11.     Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, or has committed any crime following its execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by it of an obligation under this Agreement shall give rise to grounds for withdrawal of its guilty plea. Defendant understands that, should it breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at

David A. Vicinanzo, Esq
September 10, 2009
Page 6

any trial or hearing, or for sentencing purposes, any statements which may be made by it, and any information, materials, documents or objects which may be provided by it to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which it might otherwise have under any statute of limitations or the Speedy Trial Act.

12.     Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

13.     Corporate Authorization

Defendant's acknowledgment of this Agreement and execution of this Agreement on behalf of the corporation is attached hereto as "Exhibit A." Upon the entry of the plea, Defendant shall provide to the Government and the Court a certified copy of a resolution of the Board of Directors of Powers Fasteners, Inc., affirming that the Board of Directors has authority to enter into this Plea Agreement and has (1) reviewed the Information in this case and the proposed Plea Agreement; (2) consulted with legal counsel in connection with the matter; (3) voted to enter into the proposed Plea Agreement; (4) voted to authorize Defendant to plead guilty to the charges specified in the Information; and (5) voted to authorize the corporate officer identified below to execute the Plea Agreement and all other documents necessary to carry out the provisions of the Plea Agreement. A copy of the resolution is attached hereto as "Exhibit B." Defendant agrees that a duly authorized corporate officer shall appear on behalf of Defendant and enter the guilty plea and will also appear for the imposition of sentence.

14.     Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

David A. Vicinanzo, Esq
September 10, 2009
Page 7

    If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below.  Please also sign below as Witness.  Return the original of this letter to Assistant U.S. Attorney Anthony E. Fuller.

Very truly yours,

MICHAEL K. LOUCKS
Acting United States Attorney

_____

David A. Vicinanzo, Esq
September 10, 2009
Page 8

## ACKNOWLEDGMENT OF PLEA AGREEMENT

The Board of Directors has authorized me to execute this Plea Agreement on behalf of Powers Fasteners, Inc.   The Board has read this Plea Agreement and the attached criminal Information in their entirety and has discussed them fully in consultation with counsel. The Board acknowledges that these documents fully set forth Powers Fasteners, Inc.'s agreement with the Government.  The Board further states that no additional promises or representations have been made to Powers Fasteners, Inc. by any officials of the Government in connection with the disposition of this matter, other than those set forth in the Plea Agreement.

_____
Authorized representative of the Board

Dated: 9/18/09

I certify that Defendant's Board of Directors has authority to enter into this Plea Agreement and has (1) reviewed the Information in this case and the proposed Plea Agreement; (2) consulted with legal counsel in connection with the matter; (3) voted to enter into the proposed Plea Agreement; (4) voted to authorize Defendant to plead guilty to the charges specified in the Plea Agreement; and (5) voted to authorize CEO Christopher Powers to execute the Plea Agreement and all other documents necessary to carry out the provisions of the Plea Agreement.

_____
David A. Vicinanzo, Esq.
Nixon Peabody LLP
Counsel for Powers Fasteners, Inc.

Dated: 9/18/09